FILED 15 NOV '11 11:46 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RAMON E. MOTA,

        Petitioner,        Civil No. 11-645-TC

        v.        FINDINGS AND
                RECOMMENDATION
MARK NOOTH,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to Judgments of Conviction and Sentence dated February 2, 2004, from the Washington County Circuit Court, after convictions for one count of Using a Child in a Display of Sexually Explicit Conduct, six counts of Rape in the Third Degree, three counts of Sexual Abuse in the First Degree, and two counts of Sodomy in the First Degree. Exhibit 101. Following petitioner's guilty pleas he was sentenced to a total of 200 months'

1 - FINDINGS AND RECOMMENDATION

imprisonment.

Petitioner did not directly appeal his conviction. Petitioner filed a petition for post-conviction relief, but the Malheur County Circuit Court dismissed the petition on the state's motion. Exhibit 117. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Exhibits 118 - 124.

Petitioner filed a successive PCR petition, but the Malheur County Circuit Court denied relief, Exhibits 151 - 153. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 154 - 158.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging nine claims for relief including an ineffective assistance of counsel claim with 22 sub-parts. Petition (#1, p 21 - 26.

Respondent moves to deny relief and dismiss this proceeding on the grounds that all of petitioner's claims are procedurally defaulted. Response (#10) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

2 - FINDINGS AND RECOMMENDATION

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the

3 - FINDINGS AND RECOMMENDATION

failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner's claims in Grounds A through H were not presented to the PCR trial court, Exhibit 131, the Oregon Court of Appeals, Exhibit 154, or the Oregon Supreme Court. Exhibit 156. Petitioner presented his ineffective assistance of counsel claims alleged in Ground I to the PCR trial court. See, Exhibit 131, p 6-8. However, they were not presented to the Oregon Appellate courts. The only claim petitioner presented in his petition for review by the Oregon Supreme Court concerned whether the PCR trial court erred under

Oregon law in not appointing new PCR counsel the day of the trial. Exhibit 156.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[1] Thus he has procedurally defaulted the claims discussed above. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

5 - FINDINGS AND RECOMMENDATION

objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>See</u>, *28 U.S.C. § 2253(c)(2).*

DATED this 15 day of November, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge